**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MICHAEL F. BRANCHE,**

    **Plaintiff,**

**v.**                                              Case No.  8:01-cv-1747-T-30MSS

**AIRTRAN AIRWAYS, INC.,**

    **Defendant.**

_____

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's renewed Motion for Summary Judgment (Dkt. #143), Plaintiff's response thereto (Dkt. #161), and Defendant's Reply to Plaintiff's response (Dkt. #170).  Based on the facts introduced at trial, Defendant is entitled to judgment as a matter of law.

## BACKGROUND

Plaintiff Michael Branche ("Branche") brought a wrongful discharge claim against Airtran Airways, Inc. ("Airtran") claiming a wrongful discharge in violation of the Florida Whistleblower's Act ("FWA"), Florida Statute § 448.102(3).  Branche claims that Airtran terminated his employment in retaliation for his objection to Airtran's supervision of him in violation of FAR 121.365 and FAR 121.367(b).

This case was tried before a jury in October of 2004, but resulted in a mistrial.  The Court directed a verdict on one of Plaintiff's claims and now there remains a single count

alleging that Airtran violated the FWA by terminating him because, on or about July 2, 2001, he reported an alleged violation of the Federal Aviation Administration's ("FAA") regulations concerning improper supervision - to the FAA.

Branche was employed by Airtran as an inspector. He performed regular maintenance inspections as well as required inspections. For his regular maintenance inspections, he was supervised by Guy Lewis ("Lewis"). For his required inspections, Branche was under the supervision of Larry Larivee ("Larivee"). Branche complained that, on some occasions, Lewis tried to get him to change some of his inspection reports calling them "chicken shit." While not entirely clear at trial, it appeared these disputes pertained to the regular maintenance inspections and not to required inspections. The difference is of no moment because Plaintiff's claim would fail in either event.

Florida Statute 448.102 (2004) provides:

Prohibitions. - An employer may not take any retaliatory personnel action against an employee because the employee has:

(1)  Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

(2)  Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

(3)  Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Branche's Complaint does not meet the provisions of § 448.102(1) because he did not give his employer written notice of "the activity, policy, or practice" of which he complains, nor has he "afforded the employer a reasonable opportunity to correct the activity, policy, or practice." He fails to meet the requirements of § 448.102(2) because he did not provide any information to a "governmental agency, person, or entity conducting an investigation." He did send an e-mail to the FAA, but at the time of the e-mail, there was no on-going investigation.

Branche contends that he meets the provisions of § 448.102(3) because he objected to a "practice of the employer which is in violation of a law, rule, or regulation." Branche argues that to meet subsection (3), it is not necessary for him to object to an actual violation, only to an act that he believed in good faith was a violation. Indeed, upon first impression, this Court agreed with Plaintiff's position, but upon further reflection, now rules that there must be an actual violation to come within this section.

To support his argument that a good faith belief is sufficient, Plaintiff cites <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F. 3d 945 (11th Cir. 2000), and <u>Padron v. Bell South Telecommunications, Inc.</u>, 196 F. Supp. 2d 1250 (S.D. Fla. 2002). In <u>Sierminski</u>, the Eleventh Circuit approved the application of the Title VII burden shifting analysis to determine causation. It did not address whether a plaintiff acting on a good faith belief was protected under the Florida statute in question. The Court in <u>Padron</u> did apply Title VII's

good faith belief analysis to the Florida statute, but did so in part because it was not aware of any Florida case on the issue.

It had been brought to this Court's attention that there are several Florida cases, in addition to the plain language of the statute itself, that require a holding that there must be an actual violation of a law, rule, or regulation by the employer before Plaintiff can sustain a claim under § 448.102(3). These cases are cogently described in the Order dated January 27, 2005, of Magistrate Mary Scriven in White v. Purdue Pharma, Inc., case number 8:03-cv-1799-T-26MSS in the Middle District of Florida. A copy of that opinion is attached hereto as Appendix A.

And, the Second District Court of Appeal for the State of Florida affirmed the well-written opinion of Circuit Judge James Case in Favero v. Largo Medical Center, Inc., No. 02-1086-CI-21 (Fla. 6th Cir. Ct. May 21, 2004) (final order of dismissal with prejudice), aff'd per curiam, No. 2D04-2792 (Fla. 2d DCA Mar. 11, 2005). The opinion of Judge Case is attached as Appendix B.

Branche claims that FAR 121.365 was violated. That FAR provides:

(a)  Each certificate holder that performs any of its maintenance (other than required inspections), preventive maintenance, or alterations, and each person with whom it arranges for the performance of that work must have an organization adequate to perform the work.

(b)  Each certificate holder that performs any inspections required by its manual in accordance with § 121.369(b)(2) or (3)(in this subpart referred to as required inspections) and each person with whom it arranges for the

performance of that work must have an organization adequate to perform that work.

FAR 121.365 addresses the organizational structure applied to the maintenance and inspection functions. At trial, Branche admitted that the organizational structure of Airtran was adequate to perform the work. Therefore, Airtran is entitled to judgment as a matter of law as to its organizational structure.

Now, for the first time, Branche argues that Airtran violated FAR 121.367(b) which states in part:

> The certificate holder's manual must contain the programs required by § 121.367 that must be followed in performing maintenance, preventive maintenance, and alterations of that certificate holder's airplanes, including airframes, aircraft engines, propellers, appliances, emergency equipment, and parts thereof, and must include at least the following:
>
> . . .
>
> (8)  Instructions and procedures to prevent any decision of any inspector, regarding any required inspection from being countermanded by persons other than supervisory personnel of the inspection unit, or a person at that level of administrative control that has overall responsibility for the management of both the required inspection functions and the other maintenance, preventive maintenance, and alterations functions.

This new argument is of no avail. It addresses what Airtran's manual must contain, to wit: "instructions and procedures to prevent any decision of an inspector, regarding any required inspection from being countermanded by persons other than supervisory personnel of the inspection unit ... ." Airtran's manual did contain the required instructions and procedures

and Branche does not contend otherwise. Since the manual contains the appropriate information, Airtran is entitled to summary judgment as a matter of law on this issue as well.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that:

1. Defendant's renewed Motion for Summary Judgment (Dkt. #143) is GRANTED.

2. Summary final judgment is entered in favor of Defendant.

3. The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Attachment:**
Appendix A: Opinion of Magistrate Mary Scriven in White v. Purdue Pharma, Inc., case number 8:03-cv-1799-T-26MSS, M.D. Fla.
Appendix B: Opinion in Favero v. Largo Medical Center, Inc., No. 02-1086-CI-21 (Fla. 6th Cir. Ct. May 21, 2004) (final order of dismissal with prejudice), aff'd per curiam, No. 2D04-2792 (Fla. 2d DCA Mar. 11, 2005)

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2001\01-cv-1747.msjOrder.frm